**Dolan v. Lock Haven Express**

*W. David Marcello,* for plaintiff.
*Donald L. Faulkner,* for defendants.

BROWN, *P.J.*, March 19, 1980—This lawsuit involves a claim by plaintiff seeking damages for defamation of his good name in the community. The allegations of the complaint indicate that a letter was sent by plaintiff to defendant's editor. This occurred some time in the fall of 1975 and on October 17, 1975, the letter was published as a letter to the editor in defendant newspaper. The letter is somewhat voluminous and a fair summary thereof indicates that plaintiff was complaining about his arrest and subsequent conviction before a district justice of the peace for the offense of public drunkenness. The letter itself had no statement in it that it was not intended for publication in the newspaper.

The publication of the letter apparently did not meet with the pleasure of plaintiff and he accordingly drafted a second letter and submitted it to defendants asking that it be published in conjunction with a republishing of the original letter. Defendants have refused to either republish the original letter or to publish the second letter.

The pleadings are closed in the matter, and defendants have filed a motion for a summary judgment on the basis that the existing record of the case does not indicate any cause of action against defendants. As is pointed out by defendants' brief,*

---

*Plaintiff's counsel failed to file a brief in opposition to the request by defendants although he appeared at oral argument and was permitted by leave of court to address the court despite the non-filing of a written brief.

238

the complaint is somewhat vague as to the basis for plaintiff's claim. Giving plaintiff the benefit of the doubt, the court will assume for purposes of this argument that plaintiff contends that defendants wrongfully published the original letter to the editor, and also that defendants have wrongfully refused to republish that letter together with the second letter.

In either event, it is difficult for the court to perceive that plaintiff has stated a legal cause of action against defendants. Having submitted the original letter to the newspaper with no instructions that it was not for publication, the court is unaware of any right which plaintiff would have to prevent its publication. In view of the fact that defendants' freedom of press rights are at issue, it would be a very tenuous situation for this or any other court to adopt a position of censorship with regard to such a letter. Accordingly, the court finds that plaintiff, having submitted the letter to defendants, cannot thereafter complain about the publication of the same or be entitled to damages arising from such publication.

Likewise, with regard to defendants' refusal to republish the original letter or to publish the second letter, plaintiff has not stated a legal cause of action against defendants. No authority has been cited to show that any such legal right exists in an individual to require a newspaper or anyone else to publish such a document. Again, the issues raised by plaintiff touch upon traditional concepts of freedom of the press and the court's inability to apply censorship to that freedom. In this case, the requiring of the publication of such a letter would amount to a form of reverse censorship, which is a matter in which the court cannot indulge. Accordingly, since

plaintiff has no legal right to have the letters in question published or republished, he would have no cause of action arising out of the failure of defendants to accede to his request.

Plaintiff claims that his good name has been defamed by defendants; such defamation if it exists has been the result of his own words and not any words of defendants. The action taken by defendants was the publication of a letter to the editor submitted by plaintiff and their subsequent refusal to publish any additional letters. It is of some significance that plaintiff's counsel has been unable to cite any legal authority which supports his client's position. The court has been unable to find any such authority, and defendants' request for summary relief must therefore be granted.

## ORDER

And now, March 19, 1980, based upon the foregoing memorandum, it is hereby ordered that defendants' motion for summary judgment is granted.